State of Wisconsin, Plaintiff-Respondent,
v.
Rick J. Gurholt, Defendant-Appellant.
No. 04-0111-CR.
Court of Appeals of Wisconsin.
Opinion Filed: August 18, 2004.
¶1 NETTESHEIM, J.[1]
Rick J. Gurholt pled no contest to charges of disorderly conduct and misdemeanor bail jumping, both as a repeat offender. He was sentenced to three years on each count, running consecutive for a total of six years. Gurholt argues that the trial court erred in denying his motion for sentence reduction on grounds that a dismissed, but "read-in," battery charge was multiplicitous because it was based on the same facts supporting the disorderly conduct conviction.
¶2 Assuming arguendo that the battery charge was multiplicitous to the disorderly conduct charge, we conclude that the error was harmless because there is no reasonable possibility that Gurholt's sentence would have been any different. We therefore affirm the judgment and postconviction order denying sentence modification.

Background
¶3 On September 23, 2002, the State filed a criminal complaint against Gurholt alleging disorderly conduct as an act of domestic abuse pursuant to WIS. STAT. § 968.075(1)(a) and obstructing an officer, both as a repeater. Gurholt entered not guilty pleas to both charges. On October 7, 2002, the State filed an amended criminal complaint adding misdemeanor charges of battery as an act of domestic abuse and bail jumping, both as a repeater.
¶4 The factual basis for the complaint recited that on September 20, 2002, the police responded to a report that Gurholt "had just beaten up his sister." Gurholt's sister informed the police that Gurholt got into an argument with her and "came at her with two open hands" and then placed his hands on her jawline and applied pressure to the area. She further stated that Gurholt had "delivered a blow to her throat by both of his hands" and had used the "heel of his hand or both hands and struck her just below the chin hard enough to knock her onto the bed."
¶5 At a pretrial conference on March 7, 2003, the State reported that the parties had reached a resolution calling for Gurholt to plead no contest to disorderly conduct and bail jumping. In exchange, the State would dismiss but read in the battery charge and dismiss the obstructing charge outright. In addition, the State would be recommending a six-year prison sentence, three years consecutive on each count, and Gurholt would be free to argue for a lesser sentence. Gurholt confirmed his understanding of the agreement and proceeded to enter no contest pleas to the disorderly conduct and bail jumping charges. In keeping with the agreement, the State asked the trial court to dismiss but read in the battery charge and to dismiss the obstructing charge. The trial court approved the plea agreement and adjourned the matter for further proceedings and sentencing.
¶6 At the adjourned hearing, the trial court conducted yet another plea colloquy with Gurholt, again confirmed Gurholt's understanding of the agreement, and again approved the plea agreement. The court then turned to the sentencing and expressly addressed the three primary sentencing factors: gravity of the offense, character of the defendant and protection of the public. The court noted Gurholt's record of "assaultive type violations" and "numerous batteries," including the read-in battery charge. The court stated its belief that Gurholt would likely engage in assaultive behavior again. With respect to protecting the public, the court observed that Gurholt had previously been convicted of battery to a police officeran individual who protects the communityand had been assaultive toward his sister. The court stated that to fail to sentence Gurholt to prison time would be unfair to the individuals around him and to the community. The court then sentenced Gurholt to three years on each count to run consecutively.
¶7 On October 13, 2003, Gurholt filed a motion for sentence reduction on grounds that the disorderly conduct and battery charges were multiplicitous and therefore the battery charge was improperly considered as a "read-in" during sentencing. The trial court denied the motion at a subsequent hearing, and a written order was entered on December 23, 2003. Gurholt appeals.

Discussion
¶8 On appeal, Gurholt renews his postconviction argument that the disorderly conduct and battery charges were multiplicitous and therefore the battery charge was improperly considered as a "read-in" during sentencing. See State v. Schaefer, 2003 WI App 164, ¶43, 266 Wis. 2d 719, 668 N.W.2d 760 (multiple punishments for a single criminal offense violate an individual's constitutional right to be free from double jeopardy), review denied, 2003 WI 140, 266 Wis. 2d 61, 671 N.W.2d 848 (Wis. Oct. 1, 2003) (No. 01-2691-CR).
¶9 We begin by observing that neither party cites to any case law addressing whether a charge which is dismissed but "read-in" at sentencing may provide grounds for a double jeopardy violation. Nor have we uncovered any such law. However, we need not reach the merits of Gurholt's double jeopardy claim because, even assuming that a "read-in" charge can form the basis for a double jeopardy claim, we nevertheless conclude that any error was harmless since there is no reasonable possibility that the sentence imposed by the trial court would have been any different.
¶10 This court has previously recognized that a harmless error analysis is available in reviewing a claim of constitutional error in the sentencing process. State v. Marsh, 177 Wis. 2d 643, 653, 502 N.W.2d 899 (Ct. App. 1993). An error is harmless if there is no reasonable possibility that it contributed to the sentence. State v. Halbert, 147 Wis. 2d 123, 130 n.3, 432 N.W.2d 633 (Ct. App. 1988) (citing State v. Dyess, 124 Wis. 2d 525, 540-43, 370 N.W.2d 222 (1985) (discussing harmless error in the context of trial)), overruled on other grounds by State v. Speer, 176 Wis. 2d 1101, 501 N.W.2d 429 (1993).
¶11 The amended criminal complaint charges Gurholt with both disorderly conduct and battery. The factual basis of the complaint recites a global account of the incident and does not distinguish between those facts that pertain to the disorderly conduct and those that pertain to the battery. One thing is clear the factual basis of the complaint supports either charge.
¶12 As noted, Gurholt entered into a plea bargain under which he pled no contest to disorderly conduct, a violation of WIS. STAT. § 947.01, which prohibits a person from engaging in violent, abusive or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance.[2] The facts alleged in the amended complaint demonstrate that Gurholt got into an argument with his sister, "placed both of his hands on her jaw line and applied pressure to the area" and then "pushed her backwards onto her roommate's bed." This conduct clearly constituted the "violent, abusive ... or otherwise disorderly conduct" contemplated by the disorderly conduct statute, and Gurholt acknowledged as much during the plea colloquy. While these facts may also have provided a factual basis for a battery charge, it remains that they constituted violent and abusive behavior under the disorderly conduct statute. As such, the trial court properly considered those facts during sentencing, regardless of whether the battery charge was improperly read in.
¶13 In its sentencing remarks, the trial court spoke at some length about Gurholt's significant history of assaultive behavior and that his present convictions represented a continuation of that behavior. As a result, the court concluded that the need to protect the community was the predominant sentencing factor. In light of that history and the similar conduct supporting Gurholt's present disorderly conduct conviction, we cannot see how the trial court's sentence would have been any different had the battery charge been dismissed outright rather than read in. Moreover, Gurholt contemplated the possibility of consecutive three-year sentences when he entered his pleas to disorderly conduct and bail jumping. We are convinced that there is no reasonable possibility that Gurholt's sentence would have been any lesser had the battery charge not been read in.

Conclusion
¶14 We conclude that the read-in of the battery charge at sentencing, if improper, was harmless error. We therefore affirm the judgment and the postconviction order denying Gurholt's request for sentence modification.
By the Court.  Judgment and order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] The disorderly conduct statute, WIS. STAT. § 947.01, provides: "Whoever, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor." The elements of disorderly conduct are: (1) The defendant engaged in (violent) (abusive) (indecent) (profane) (boisterous) (unreasonably loud) (or otherwise disorderly) conduct; and (2) The conduct of the defendant, under the circumstances as they then existed, tended to cause or provoke a disturbance. WIS JICRIMINAL 1900.